IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHELE MARY RE,** | * | |
| **Plaintiff,** | * | |
| vs. | * | Civil Action No. ADC-16-3990 |
| **NANCY A. BERRYHILL,** Acting Commissioner, Social Security Administration, | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 15, 2016, Michele Mary Re ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 19–20), and the response thereto (ECF No. 21), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED, and the decision of the SSA is REMANDED for proceedings consistent with this opinion.

### PROCEDURAL HISTORY

Alleging disability beginning on December 15, 2012, Plaintiff filed a Title II application for DIB and a Title XVI application for SSI on April 24 and 25, 2013, respectively. Plaintiff's claims were denied initially and upon reconsideration on July 11 and November 12, 2013, respectively. Subsequently, on December 27, 2013, Plaintiff filed a written request for a hearing

1

and, on August 19, 2015, a hearing was held before an Administrative Law Judge (the "ALJ"). On September 2, 2015, the ALJ rendered a decision ruling that Plaintiff had not been disabled within the meaning of the Social Security Act (the "Act"). On September 9, 2015, Plaintiff requested review by the Appeals Council, and on October 26, 2016, the Appeals Council denied Plaintiff's request. Thus, the decision rendered by the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481 (2017); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On December 15, 2016, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's denial of Plaintiff's DIB and SSI applications. On September 5, 2017, Plaintiff filed a Motion for Summary Judgment. On November 6, 2017, Defendant filed a Motion for Summary Judgment, to which Plaintiff responded on November 28, 2017.[1] This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement and Defendant's Motion for Summary Judgment, including the response thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith*

---

[1] On November 30, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

*v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the [Act], [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." (citations omitted)).

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Johnson*, 434 F.3d at 653 (internal citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such a severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the Commissioner, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's RFC, which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (*e.g.*, allegations of pain) using a two-part test. *Craig*, 76 F.3d at 594; 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1).

At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. ECF No. 12 at 61. At step two, the ALJ found that Plaintiff had the severe impairments of carpal tunnel syndrome, degenerative disc disease of the lumbar spine, panic disorder, and bipolar disorder, but that Plaintiff's attention deficit hyperactivity disorder and fibromyalgia were not severe impairments. *Id.* at 61–62. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 62. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb ramps, stairs, ladders, ropes, or scaffolds; only occasionally balance, stoop, kneel, crouch, or crawl; only frequently handle with the bilateral upper extremities; have occasional exposure to extreme cold, vibration, and hazards; and she is limited to simple, routine, repetitive tasks, with no fast pace or strict production requirements, occasional changes in the work setting, and occasional interaction with co-workers or the public.

*Id.* at 64. Based on the resulting RFC, the ALJ then determined that Plaintiff was "unable to perform any past relevant work." *Id.* at 68.

Finally, at step five, the ALJ found that "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Accordingly, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the [Act], from December 15, 2012, through the date of this decision." *Id.* at 69.

## DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence on the record as a whole and raises two specific allegations of error on appeal: (1) that the ALJ erroneously failed to classify Plaintiff's fibromyalgia and rheumatic impairments as severe during its step two determination; and (2) that the ALJ's RFC determination was not supported by substantial evidence. The Court will remand the case for the ALJ to properly evaluate Plaintiff's fibromyalgia and consider Plaintiff's fibromyalgia during his RFC determination.

### A. The ALJ Improperly Determined That Plaintiff's Fibromyalgia And Rheumatic Impairments Are Not Severe.

Plaintiff contends that the ALJ failed to properly evaluate the severity of her rheumatic impairments because he incorrectly followed SSR 85-28. ECF No. 19-1 at 8, 10. Specifically, Plaintiff finds error in the ALJ's classification of her fibromyalgia under SSR 12-2p and she requests that the Court remand for the ALJ to consider her fibromyalgia in his assessment of the medical evidence in the record as well as Plaintiff's credibility. *Id.* at 13, 17–18. The Court will remand the case for the ALJ to properly consider Plaintiff's fibromyalgia.

At step two of the sequential evaluation, the claimant must demonstrate that she has an impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); *Bowen*, 482 U.S. at 146 n.5 (stating that the claimant bears the burden of showing that he has a "severe" impairment). An impairment or combination thereof is "severe" if it significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c). This step is not "satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). "[W]hen assessing the severity of whatever impairments an individual may have, the adjudicator must assess the impact of the combination of those impairments on the person's

ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone." *Id.*

SSR 12-2p "provides guidance on how [the ALJ] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how [the ALJ] evaluate[s] [fibromyalgia] in disability claims and continuing disability reviews under Titles II and XVI of the [Act]." SSR 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). SSR 12–2p uses two sets of criteria for diagnosing fibromyalgia—the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia and the 2010 ACR Preliminary Diagnostic Criteria. *Id.* at *2–3. The 1990 criteria require a history of widespread pain, at least 11 tender points, and evidence that other disorders that could cause the symptoms or signs were excluded. *Id.* The 2010 criteria require a history of widespread pain, repeated manifestations of six or more fibromyalgia signs, symptoms, or co-occurring conditions (including fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome), and evidence that other disorders that could cause the symptoms or signs were excluded. *Id.* at *3. Under SSR 12-2p, when making the RFC assessment, the ALJ "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. At steps four and five of the sequential evaluation, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, non-exertional physical or mental limitations, or environmental restrictions are warranted. *Id.*

During his step two analysis, the ALJ explained his reasoning for finding that Plaintiff's fibromyalgia was not a severe impairment:

> [Plaintiff] also alleges that she has fibromyalgia. Records from her rheumatologist, however, do not contain a definitive diagnosis

9

> (Exhibit 7F). She was evaluated for diffuse joint pain in 2013 and was noted to have tender points that "could suggest fibromyalgia." Treatment notes through April 2015 document 10/18 positive tenders points and continue to note the suggestion of fibromyalgia. I find insufficient evidence to support a conclusion that fibromyalgia is a medically determinable impairment under SSR 12-2p.

ECF No. 12 at 62. While the ALJ examined Plaintiff's symptoms under the 1990 criteria, he failed to consider whether Plaintiff's symptoms met the 2010 criteria. The Court notes that the record contains some evidence that may be used to support a diagnosis on the 2010 criteria, including widespread pain, fatigue, problems with memory, depression, and anxiety. *Id.* at 62–68. Thus, the ALJ improperly determined that Plaintiff's fibromyalgia is not a medically determinable impairment under SSR 12-2p. Accordingly, the Court remands the case so that the ALJ may review whether Plaintiff's fibromyalgia meets the 2010 ACR criteria.

Furthermore, upon remand, the ALJ should discuss Plaintiff's fibromyalgia in his RFC assessment because SSR 12-2p requires that the ALJ consider the effects of all of the claimant's medically determinable impairments, including those that are not severe, in making his RFC determination. SSR 12-2p, at *6. Although the Court is remanding the case on Plaintiff's first ground, the ALJ should also consider and assess the recommended treatment from Plaintiff's treating rheumatologist, Dr. Malini Rusia, during his second RFC determination. ECF No. 19-1 at 21–22. In remanding, the Court expresses no opinion regarding whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect.

## CONCLUSION

In summation, the Court finds that the ALJ failed to properly evaluate the evidence on record and provided insubstantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing, Plaintiff's Motion

for Summary Judgment (ECF No. 17) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the decision of the SSA is REMANDED to the Commissioner for further proceedings consistent with this opinion.

Date: 27 December 2017

A. David Copperthite
United States Magistrate Judge